U.S. DISTRICT COURT CONNECTICUT

JAN 9 2023 PM 1:30
FILED-USDC-CT-NEW HAVEN

| | |
|---|---|
| NICKOLA CUNHA<br>　　　　*Plaintiff*<br><br>*v*<br><br>THOMAS MOUKAWSHER,<br>in personal and official capacity<br>　　　　*Defendant* | **COMPLAINT**<br><br>**JURY DEMAND**<br><br>Civil Case # 23cv37 |

Plaintiff, Nickola Cunha, appears pro se, for complaint against defendant Thomas Moukawsher, judge of the Connecticut Superior Court, in his official and personal capacity, alleges as follows:

## INTRODUCTION AND PARTIES

1. Ms. Cunha is a resident and citizen of this district, an attorney admitted to the state bar in 1999.

2. Thomas Moukawsher is a resident and citizen of this district, a judge of the Connecticut Superior Court, acting as judge, in exercise of absolute discretion, personal opinion, under color of state law, for private agenda, in abuse of office, outside judicial function, in judicial hearing, did summary disbar Ms. Cunha on 25 January 2022, for cause of speech made in zealous advocacy for her client, being a violation of First, Fifth, and Fourteenth Amendment protections, while chilling expression and advocacy, a societal detriment; implicating Connecticut State government for inability to properly select,

train, manage justices, to assure the proper quality and administration of justice; misuse of federal funds notwithstanding.

3. Moukawsher acts under color of state law, a court practice rule, violating due process protection, ordering summary disbarment, by absolute discretion of a state employee, in constitutional deprivation, beyond judicial function, where no immunity lies.

4. Ms. Cunha brings action against Moukawsher seeking compensatory damages, declaratory judgment, injunctive relief, punitive damages, other damages deemed just and proper, attorney fees per 42 USC §1983 and 42 USC §1988 for violations of constitutionally protected civil rights of protected speech under First Amendment, denial of due process under Fifth Amendment, denial of process and equal protection enforced upon states by the Fourteenth Amendment, violation of the Ku Klux Klan Act of 1871, being criminal mischief under 18 USC §242.

## JURISDICTION AND VENUE

5. This action is brought under 42 USC §1983, 42 USC §1988, First, Fifth, and Fourteenth Amendments of the federal Constitution.

6. The jurisdiction of this Court is per 28 USC §1331, 28 USC §1343, and 42 USC §1983. The Court has jurisdiction for declaratory relief pursuant to 28 USC §§2201, 2202.

7. Ms. Cunha invokes Court's pendent jurisdiction, pursuant to 28 USC §1367(a), over any and all state law claims and as against all parties that are so related to claims in this action, within the original jurisdiction of this Court that they form part of the same case or controversy.

8. Venue is proper in D. Connecticut per 28 USC §1391(b) as all acts, omissions, and deprivations occur in the district, in the presence of the defendant.

## FACTUAL BACKGROUND

9. Moukawsher acts under color of state law, by absolute discretion in personal dislike of zealous advocacy, before the bench by plaintiff, citing unconstitutional authority of practice rule 2-45, to summary disbar, which states: Cause Occurring in Presence of Court. If such cause occurs in the actual presence of the court, the order may be summary, and without complaint or hearing; but a record shall be made of such order, reciting the ground thereof.

10. The color of state law to summary disbar comes from a practice rule created by CJ Andrews in 1890, under the color of state Practice Act of 1879, authorizing judges to create procedures to effect litigation, present state statute §51-14 codifies the Act, where (a) delegates rule making authority to judges, where (b) provides legislative review and disapproval authority, where (c) requires judges to hold yearly public hearings on rules.

11. Attorney regulation is governed by state statutes §51-80 to 94a, where disciplinary procedures are codified, in application of due process. The state staffs and funds disciplinary counsel and a statewide grievance committee to effect regulation and discipline of attorneys.

12. Practice rule 2-45, unrelated to litigation, suspends statutory framework of attorney discipline, voiding state law, on judicial application of summary disbarment, stating: Without limiting the inherent powers of the court, if attorney misconduct occurs in the actual presence of the court, the Statewide Grievance Committee and the grievance panels shall defer to the court, if the court chooses to exercise its jurisdiction.

13. A state court lacks jurisdiction to void due process, a fundamental protected liberty interest of a citizen with a law license, whose possession does not void the Bill of Rights; allusion to court's inherent powers to defy restrictions imposed by the Fourteenth Amendment is ridicule of the Republic.

14. Disbarment is applied to protect the court, rather than punish a citizen admitted to the bar, it is neither criminal nor civil action, but *sui generis*. The court obtains no protection from free expression, thru disbarment of a zealous advocate arguing for a fellow citizen, in an adversarial forum. The property interest in a law license demands due process invoked by Fourteenth Amendment, denying Moukawsher the combined roles of accuser, trier, judge, jury, and executioner, of one tyrant in a black robe.

15. Practice rule 2-45 violates state statute §51-14(a) which reads: rules shall not abridge, enlarge or modify any substantive right or the jurisdiction of any of the courts.

16. The question of constitutional due process deprivation of rule 2-45 was brought to the attention of CJ Robinson, thru redress right, under provision of state law §52-265a, Direct Appeal In Public Interest, dismissed by state supreme court Justice McDonald on 8/24/22, case SC220040. A writ of error is pending before the state intermediate appellate court, case AC45424; state Attorney General represents Moukawsher.

## CLAIMS FOR RELIEF

17. Items 1-15 incorporated herein.

18. Relief sought under Civil Rights Act of 1871, (Ku Klux Klan Act), as defendant acts illegally, outside judicial function, in deprivation of rights protected under Fourteenth Amendment, depriving plaintiff of due process protection, acting under color of state law; incompetent practice rule.

19. Relief claimed for Fifth Amendment violation of due process protection, invoked on the state by the Fourteenth.

20. Relief claimed for First Amendment violation of freedom of expression, invoked on the state by the Fourteenth.

21. Relief claimed for First Amendment violation of redress rights, in professional service of advocacy.

22. Relief claimed for secondary effect of chilling expression and advocacy, as disbarment sends a clear message to the people that judicial authority will not tolerate citizens whose express judicially disfavored advocacy.

23. Relief claimed for secondary effect of State government negligence, fraud, and misuse of federal funds, in administration of justice, while failing to properly train, supervise, employees in execution of judicial duties.

## DEMAND FOR JURY TRIAL

24. Per F. Rule Civil Procedure 38, jury trial demanded.

## PRAYER FOR RELIEF

Plaintiff, Nickola Cunha, prays for relief and demands judgment as follows:

1. Ms. Cunha be awarded compensatory damages against defendant in an amount to be determined at trial;

2. Ms. Cunha be awarded punitive damages against defendant in an amount to be determined at trial;

3. This Court, pursuant to 42 USC §1988, award plaintiff reasonable attorney fees, with costs of this action;

4. Court award such further relief, together with any other legal or equitable relief, or both, as the Court deems just and proper.

*Nickola Cunha*

9 January 2023