IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NICKOLA CUNHA, | : | 3:23-cv-00037-VAB |
|    *Plaintiff*, | : | |
| | : | |
|    v. | : | |
| | : | |
| THOMAS MOUKAWSHER, | : | |
|    *Defendant*. | : | AUGUST 11, 2023 |

**<u>Motion for Rule 11 and Inherent Authority Sanctions</u>**

Defendant moves for sanctions against Plaintiff—a disbarred attorney proceeding *pro se*—pursuant to Rule 11 of the Federal Rules of Civil Procedure and this Court's inherent authority. In support of this Motion, undersigned counsel represents as follows:

1. Plaintiff names Defendant—the Connecticut Superior Court Judge who ordered her disbarment—in both his personal capacity and his official capacity and demands compensatory damages, punitive damages, attorney's fees pursuant to 42 U.S.C. § 1988, and "any other legal or equitable relief, or both, as this Court deems just and proper." *Compl.* p. 6;

2. On January 27, 2023, undersigned counsel served a safe harbor letter and a copy of this Motion on Plaintiff via e-mail and also mailed Plaintiff a paper copy of the materials. *See* Fed. R. Civ. P. 11(c)(2) (providing that, before a motion for sanctions may be filed with the court, it must be served on the offending party under Fed. R. Civ. P. 5);

3. The safe harbor letter informed Plaintiff that unless Plaintiff withdrew her Complaint within 21 days, Defendant would move for Rule 11 and inherent

1

authority sanctions;

4. Plaintiff's Complaint violates Rule 11(b) in the following respects:

   a. Plaintiff's official capacity damages claims are not warranted by existing law because the Eleventh Amendment bars those claims in their entirety. *See, e.g., Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *see also* Fed. R. Civ. P. 11(b)(2);

   b. Plaintiff's official capacity claims for declaratory or injunctive relief are not warranted by existing law because the Eleventh Amendment bars them because they are retrospective as to Defendant. *See* Fed. R. Civ. P. 11(b)(1);

   c. Plaintiff's official capacity claims for declaratory or injunctive relief are not warranted by existing law because the *Younger* abstention doctrine bars them given the pending writ of error before the Connecticut Appellate Court. *Compl.* ¶ 16; *see, e.g., Sprint Communs., Inc. v. Jacobs*, 571 U.S. 69, 79 (2013); *see also* Fed. R. Civ. P. 11(b)(2);

   d. Plaintiff's official capacity claims for injunctive relief are not warranted by existing law because Plaintiff does not allege—and cannot credibly allege—that a declaratory decree was violated or declaratory relief was unavailable. *See* 42 U.S.C. §1983; Fed. R. Civ. P. 11(b)(1);

   e. Plaintiff's official capacity damages claims are not warranted by

    existing law because in his official capacity Defendant is not a "'person' within the meaning of [42 U.S.C.] §1983." *Reynolds v. Barrett*, 685 F.3d 193, 204 (2d Cir. 2012) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)); see also Fed. R. Civ. P. 11(b)(2);

f. Plaintiff's individual capacity claims for damages are not warranted by existing law because absolute judicial immunity bars them. *See, e.g., Butcher v. Wendt*, 975 F.3d 236, 241 (2d Cir. 2020). Plaintiff's assertion that Defendant's actions were "beyond judicial function, where no immunity lies" has no basis in either the law or the facts. *Compl.* ¶ 3; *see, e.g., Bliven v. Hunt*, 579 F.3d 204, 206-07 (2d Cir. 2009) (affirming the dismissal of a *pro se* attorney's due process claims against state judges on grounds of absolute judicial immunity); *see also* Fed. R. Civ. P. 11(b)(2) & (b)(3);

g. Given that established law holds that absolute judicial immunity protects Defendant and that Plaintiff's claims are otherwise barred as discussed above, it appears that Plaintiff's claims are being presented for improper purposes, such as to harass, cause unnecessary delay and cost, and to interfere with the writ of error currently pending before the Connecticut Appellate Court. *Compl.* ¶ 16; *see also* Fed. R. Civ. P. 11(b)(1);

h. Plaintiff's allegation that Defendant engaged in "criminal mischief

3

    under 18 U.S.C. § 242," *Compl.* ¶ 4, is not warranted by existing law or the facts and further supports the conclusion that Plaintiff's claims are presented for improper purposes, such as to harass, cause unnecessary delay and cost, and to interfere with the writ of error currently pending before the Connecticut Appellate Court. *Compl.* ¶ 16;

i. Plaintiff's allegation that Defendant "did summary disbar" Plaintiff has—and will have—no evidentiary support because Defendant held a hearing before ordering Plaintiff's disbarment. *Compl.* ¶ 2; *see id.* at ¶ 9 (similar); *see also* Fed. R. Civ. P. 11(b)(3);

j. Plaintiff's demand for attorney's fees is not warranted by existing law because an attorney proceeding *pro se* cannot obtain such an award. *See, e.g.*, *Kay v. Ehrler*, 499 U.S. 432, 438 (1991); *see also* Fed. R. Civ. P. 11(b)(2);

k. Although Plaintiff is proceeding *pro se*, she is "an attorney admitted to the" Connecticut "bar in 1999." *Compl.* ¶ 1. The Second Circuit has "look[ed] with disfavor" on "unfounded spite action[s]" and indicated that when the plaintiff in such an action "is an attorney sanctions are particularly appropriate." *Fox v. Boucher*, 794 F.2d 34, 38 (2d Cir. 1986);

Based on Plaintiff's conduct, Defendant is seeking any and all sanctions available under Rule 11(c)(4), including—but not limited to—appropriate nonmonetary

directives, a penalty paid into Court, and an order directing payment to Defendant of all reasonable attorney's fees and other expenses resulting from Plaintiff's violation. In addition, Defendant is seeking sanctions under this Court's inherent authority. The factual and legal bases for this Motion and the relief sought are set forth in more detail in the Memorandum of Law that accompanies this Motion.

                                                                        Respectfully submitted,

                                                                         DEFENDANT

                                                                         WILLIAM TONG
                                                                         ATTORNEY GENERAL

BY: */s/ Robert J. Deichert*
Robert J. Deichert (ct24956)
Assistant Attorney General
Attorney General's Office
165 Capitol Avenue
Hartford, CT 06106
860-808-5020 (phone)
860-808-5347 (fax)
Robert.Deichert@ct.gov
*Attorney for Defendant*

**Certificate of Service**

I hereby certify that on August 11, 2023 a copy of the foregoing was electronically filed. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

>   */s/ Robert J. Deichert*
>   Robert J. Deichert
>   Assistant Attorney General