**<u>Table of Contents for the Appendix to Defendant's Motion for Rule 11 and<br>Inherent Authority Sanctions</u>**

Safe Harbor Letter Pursuant to Fed. R. Civ. P. 11(c)(2) (1/27/23)……….…..…………A1

Contingent Motion for Rule 11 and Inherent Authority Sanctions………………………A6

Attorney Pattis' Motion to Withdraw in *Ambrose v. Ambrose*……………..…………A12

E-Mail Communications re: Safe Harbor Materials…………………………………………A14

E-Mail Communications re: Service……………………..………………………………………A17

Excerpts from Plaintiff's Brief in *Ambrose v. Ambrose*…………………………..…A21

Nickola Cunha
28 Broad View Drive
Wallingford, CT 06492

**Sanctions M Appx 001**



OFFICE OF THE ATTORNEY GENERAL

January 27, 2023

Nickola Cunha
28 Broad View Drive
Wallingford, CT 06492
Nickolacunha@sbcglobal.net
**Via First Class Mail and E-Mail**

**Re:   Safe Harbor Letter Pursuant to Rule 11(c)(2) of the Federal Rules of Civil Procedure**

Dear Ms. Cunha:

I hope all is well. On January 9, 2023, you e-mailed both me and Evan Knowlton what purported to be a Waiver of the Service of Summons form ("Waiver form") along with other documents including a Complaint in *Cunha v. Moukawsher*, 3:23-cv-00037-VAB. As you either know or should know based on your legal training, your e-mailing of the Waiver form you sent was insufficient for multiple reasons. *See* Fed. R. Civ. P. 4(d).

If and when you properly submit a Waiver form that complies with the Rules, I will respond to your request and anticipate agreeing to it. Since I am representing Defendant, you are required to submit any such request to me as counsel—I do not authorize you to communicate with Defendant at all regarding this matter. See R. Prof. Cond. 4.2.

1

165 Capitol Avenue
Hartford, Connecticut 06106
*An Affirmative Action/Equal Opportunity Employer*

Similarly, in the event that you decide to arrange individual capacity service on Defendant, any such service should be made at my Office. That said, as noted above, if and when you properly send me a valid Waiver form, I anticipate agreeing to waive individual capacity service.

As you either know or should know, the Waiver of Service Rule does not apply to the extent you purport to sue my client in his official capacity. *See, e.g.*, *Cupe v. Lantz*, 470 F. Supp. 2d 136, 139 (D. Conn. 2007) (Arterton, J.). To the extent you intend to pursue official capacity claims you will need to timely and properly complete official capacity service. Defendant's time to respond to your Complaint will not begin to run unless and until you either properly serve your Complaint or you receive an executed Waiver form from me on Defendant's behalf (which waiver, again, would only apply to any individual capacity claims). *See, e.g.*, *Nelson v. Adams USA, Inc.*, 529 U.S. 460, 467 (2000) (citing Fed. R. Civ. P. 12(a)(1)(A)).

Notwithstanding the foregoing discussion regarding service, I am writing to inform you that your Complaint violates Rule 11(b) of the Federal Rules of Civil Procedure for the reasons set forth in the enclosed contingent motion for sanctions. As you know or should know, Rule 11(b) applies to you even though you are proceeding in your self-represented capacity. *See* Fed. R. Civ. P. 11(b) (applying to "an attorney or unrepresented party").[1] Indeed, the Second Circuit has indicated that "[w]hen the [*pro se*] litigant is an attorney sanctions are particularly appropriate." *Fox v. Boucher*, 794 F.2d 34, 38 (2d Cir. 1986).

---

[1] I have obtained written confirmation from your counsel in your writ of error challenging your disbarment that he does not represent you in this matter and that I therefore can and should communicate with you directly regarding this matter.

2

**Sanctions M Appx 003**

This letter and the enclosed contingent motion are providing you formal notice under Rule 11's safe harbor provision. *See* Fed. R. Civ. P. 11(c)(2); *see also Star Mark Management v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 176-77 (2d Cir. 2012) (affirming a district court's ruling holding that a letter and motion for sanctions were sufficient to trigger Rule 11(c)(2)'s safe harbor provision). These materials are intended to give you the opportunity to withdraw your Complaint within 21 days. *See* Fed. R. Civ. P. 11(c)(2); *see also* Fed. R. Civ. P. 41(a)(1)(A)(i) (allowing a plaintiff to voluntarily dismiss an action by filing a notice of dismissal). If you do so, I will not file the enclosed motion and a supporting memorandum with the Court and will not seek to recover the reasonable expenses incurred for the motion. In addition, a withdrawal at this point will save you the time and expense associated with service.

If you do not withdraw your Complaint within 21 days, I anticipate filing the enclosed contingent motion and a supporting memorandum. I anticipate that motion will seek both nonmonetary and monetary sanctions. *See* Fed. R. Civ. P. 11(c)(4).

Although Rule 11's safe harbor provision does not apply to inherent power sanctions, I am also informing you that the motion may seek sanctions under the Court's inherent powers in addition to the sanctions under Rule 11. *See, e.g.*, *In re Pennie & Edmonds LLP*, 323 F.3d 86, 89-90 (2d Cir. 2003) (noting the inapplicability of the safe harbor provision to inherent authority sanctions). In addition, as you may already know given your legal training, further proceedings in this action may render you liable for costs, expenses, and attorney's fees pursuant to 28 U.S.C. § 1927. *See, e.g.*, *Dong Hui Chen v. Thai Greenleaf Restaurant Corp*, 2022 U.S. Dist. LEXIS 230867, at *5 n.4 (E.D.N.Y. Dec. 22, 2022) (noting that "section 1927 expressly applies to attorneys is where the *pro se* litigant is a lawyer").

3

**Sanctions M Appx 004**

I understand that you are upset by your disbarment. The pending writ of error in which you are represented by counsel will give you an opportunity to seek review of Defendant's decision through the proper channels. I respectfully hope you will withdraw this separate and improper action to save yourself, the Court, and the State the time and resources that will be needlessly consumed if you do not.

Very truly yours,

*Robert J. Deichert*

Robert J. Deichert
Assistant Attorney General

Enclosure

4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| NICKOLA CUNHA, | : | 3:23-cv-00037-VAB |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| THOMAS MOUKAWSHER, | : | |
| *Defendant.* | : | FEBRUARY __, 2023 |

### Motion for Rule 11 and Inherent Authority Sanctions

Defendant moves for sanctions against Plaintiff—a disbarred attorney proceeding *pro se*—pursuant to Rule 11 of the Federal Rules of Civil Procedure and this Court's inherent authority. In support of this Motion, undersigned counsel represents as follows:

1. Plaintiff names Defendant—the Connecticut Superior Court Judge who ordered her disbarment—in both his personal capacity and his official capacity and demands compensatory damages, punitive damages, attorney's fees pursuant to 42 U.S.C. § 1988, and "any other legal or equitable relief, or both, as this Court deems just and proper." *Compl.* p. 6;

2. On January 27, 2023, undersigned counsel served a safe harbor letter and a copy of this Motion on Plaintiff via e-mail and also mailed Plaintiff a paper copy of the materials. *See* Fed. R. Civ. P. 11(c)(2) (providing that, before a motion for sanctions may be filed with the court, it must be served on the offending party under Fed. R. Civ. P. 5);

3. The safe harbor letter informed Plaintiff that unless Plaintiff withdrew her Complaint within 21 days, Defendant would move for Rule 11 and inherent

1

**Sanctions M Appx 006**

authority sanctions;

4.  Plaintiff's Complaint violates Rule 11(b) in the following respects:

    a.  Plaintiff's official capacity damages claims are not warranted by existing law because the Eleventh Amendment bars those claims in their entirety. *See, e.g., Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *see also* Fed. R. Civ. P. 11(b)(2);

    b.  Plaintiff's official capacity claims for declaratory or injunctive relief are not warranted by existing law because the Eleventh Amendment bars them because they are retrospective as to Defendant. *See* Fed. R. Civ. P. 11(b)(1);

    c.  Plaintiff's official capacity claims for declaratory or injunctive relief are not warranted by existing law because the *Younger* abstention doctrine bars them given the pending writ of error before the Connecticut Appellate Court. *Compl.* ¶ 16; *see, e.g., Sprint Communs., Inc. v. Jacobs*, 571 U.S. 69, 79 (2013); *see also* Fed. R. Civ. P. 11(b)(2);

    d.  Plaintiff's official capacity claims for injunctive relief are not warranted by existing law because Plaintiff does not allege—and cannot credibly allege—that a declaratory decree was violated or declaratory relief was unavailable. *See* 42 U.S.C. §1983; Fed. R. Civ. P. 11(b)(1);

    e.  Plaintiff's official capacity damages claims are not warranted by

2

existing law because in his official capacity Defendant is not a "'person' within the meaning of [42 U.S.C.] §1983." *Reynolds v. Barrett*, 685 F.3d 193, 204 (2d Cir. 2012) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)); *see also* Fed. R. Civ. P. 11(b)(2);

f.  Plaintiff's individual capacity claims for damages are not warranted by existing law because absolute judicial immunity bars them. *See, e.g.*, *Butcher v. Wendt*, 975 F.3d 236, 241 (2d Cir. 2020). Plaintiff's assertion that Defendant's actions were "beyond judicial function, where no immunity lies" has no basis in either the law or the facts. *Compl.* ¶ 3; *see, e.g.*, *Bliven v. Hunt*, 579 F.3d 204, 206-07 (2d Cir. 2009) (affirming the dismissal of a *pro se* attorney's due process claims against state judges on grounds of absolute judicial immunity); *see also* Fed. R. Civ. P. 11(b)(2) & (b)(3);

g.  Given that established law holds that absolute judicial immunity protects Defendant and that Plaintiff's claims are otherwise barred as discussed above, it appears that Plaintiff's claims are being presented for improper purposes, such as to harass, cause unnecessary delay and cost, and to interfere with the writ of error currently pending before the Connecticut Appellate Court. *Compl.* ¶ 16; *see also* Fed. R. Civ. P. 11(b)(1);

h.  Plaintiff's allegation that Defendant engaged in "criminal mischief

3

under 18 U.S.C. § 242," *Compl.* ¶ 4, is not warranted by existing law or the facts and further supports the conclusion that Plaintiff's claims are presented for improper purposes, such as to harass, cause unnecessary delay and cost, and to interfere with the writ of error currently pending before the Connecticut Appellate Court. *Compl.* ¶ 16;

    i.  Plaintiff's allegation that Defendant "did summary disbar" Plaintiff has—and will have—no evidentiary support because Defendant held a hearing before ordering Plaintiff's disbarment. *Compl.* ¶ 2; *see id.* at ¶ 9 (similar); *see also* Fed. R. Civ. P. 11(b)(3);

    j.  Plaintiff's demand for attorney's fees is not warranted by existing law because an attorney proceeding *pro se* cannot obtain such an award. *See, e.g., Kay v. Ehrler*, 499 U.S. 432, 438 (1991); *see also* Fed. R. Civ. P. 11(b)(2);

    k.  Although Plaintiff is proceeding *pro se*, she is "an attorney admitted to the" Connecticut "bar in 1999." *Compl.* ¶ 1. The Second Circuit has "look[ed] with disfavor" on "unfounded spite action[s]" and indicated that when the plaintiff in such an action "is an attorney sanctions are particularly appropriate." *Fox v. Boucher*, 794 F.2d 34, 38 (2d Cir. 1986);

Based on Plaintiff's conduct, Defendant is seeking any and all sanctions available under Rule 11(c)(4), including—but not limited to—appropriate nonmonetary

directives, a penalty paid into Court, and an order directing payment to Defendant of all reasonable attorney's fees and other expenses resulting from Plaintiff's violation. In addition, Defendant is seeking sanctions under this Court's inherent authority. The factual and legal bases for this Motion and the relief sought are set forth in more detail in the Memorandum of Law that accompanies this Motion.

Respectfully submitted,

DEFENDANT

WILLIAM TONG
ATTORNEY GENERAL

BY: */s/ Robert J. Deichert*
Robert J. Deichert (ct24956)
Assistant Attorney General
Attorney General's Office
165 Capitol Avenue
Hartford, CT 06106
860-808-5020 (phone)
860-808-5347 (fax)
Robert.Deichert@ct.gov
*Attorney for Defendant*

## <u>Certificate of Service</u>

I hereby certify that on February ___, 2023 a copy of the foregoing was electronically filed. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Robert J. Deichert*
Robert J. Deichert
Assistant Attorney General

6

**A.C. 45424**

| | |
|---|---|
| **CHRISTOPHER AMBROSE** | **APPELLATE COURT** |
| | **STATE OF** |
| **V.** | **CONNECTICUT** |
| **KAREN AMBROSE** | **MARCH 22, 2023** |

## <u>MOTION TO WITHDRAW</u>

The undersigned herewith moves to withdraw on behalf of Pattis &

Smith, LLC as the attorney-client relationship has broken down and the

Plaintiff-in-error has discharged counsel and filed a pro se appearance in lieu of

the undersigned on February 3, 2023. The case detail, as of the filing of this

motion, lists the Defendant in error as a self-represented party.


The undersigned has notified the plaintiff-in-error by copy of this motion

via certified mail.

**THE PLAINTIFF-IN-ERROR**
**NICKOLA CUNHA**
**<u>/s/ NORMAN A PATTIS /s/</u>**
**PATTIS & SMITH, LLC**
**383 Orange Street**
**First Floor**
**New Haven, CT  06511**
**V: 203-393-3017**
**F: 203-393-9745**
**npattis@pattisandsmith.com**

**Sanctions M Appx 012**

**CERTIFICATION**

The undersigned certifies pursuant to Conn. Prac. Bk. § 62-7 that: (1) A copy of the foregoing was sent electronically this 22nd day of March 2023 to:

Robert J. Deichert Assistant Attorney General

165 Capitol Avenue, Suite 5000

Hartford, CT 06106

Tel: (860) 808-5020

Fax: (860) 808-5347

Email: Robert.Deichert@ct.gov

and a copy was also emailed to the Plaintiff-in-Error.

(2)     The motion has been redacted or does not contain any names or other personal identifying information that is prohibited from disclosure by rule, statute, court order or case law;

(3)     The motion complies with Conn. Prac. Bk. §67-2 and all other applicable rules of appellate procedure.

<u>/S/ NORMAN A PATTIS /S/</u>

| | |
|---|---|
| **From:** | Deichert, Robert |
| **To:** | NICKOLA CUNHA |
| **Subject:** | Cunha v. Moukawsher: Reply to Your Response to Defendant"s Rule 11(c)(2) Safe Harbor Letter |
| **Date:** | Wednesday, March 1, 2023 1:52:00 PM |
| **Attachments:** | Cunha v. Moukawsher--Safe Harbor Letter with Contingent Motion for Sanctions (FOR EMAILING AND PAPER MAILING 1-27-23).pdf |
| | image001.png |
| **Importance:** | High |

Good afternoon,

Thank you for your response. The 21-day safe harbor period has now passed and is my understanding that your below email informed me that you have decided to continue to proceed notwithstanding the attached Rule 11(c)(2) safe harbor letter. As a result, I will unfortunately need to begin next steps. To respond further to your e-mail:

1. You represent that I am "very well aware" that my safe harbor letter is "a direct violation of Rules 3.2,3.4, 4.3, 4.4." I am aware of no such thing. My letter was intended to carefully comply with a procedure set forth in the Federal Rules that has often been applied to refusals to withdraw actions. *See, e.g.*, *Thompson v. Steinberg*, 2023 U.S. App. LEXIS 1603, at *8 (2d Cir. Jan. 23, 2023) (Summary Order) (discussing the application of Rule 11's safe harbor procedure in the context of a safe harbor letter requesting withdrawal of an action). I see no credible basis for an argument that my letter violated any of the Rules of Professional Conduct you reference (some of which on their face plainly seem not to apply). That said, I take my obligation under the Rules of Professional Conduct seriously; if you have detailed argument and authority for your assertion that my safe harbor letter violated the Rules, please provide it as soon as possible (within no more than 7 days) and I will give it due consideration;

2. You represent that "[t]he thirty days for" me "to waive service on behalf of J. Moukawsher or decline to waive have expired." As I said in my letter, "your e-mailing of the Waiver form you sent was insufficient for multiple reasons" and "Defendant's time to respond to your Complaint will not begin to run unless and until" you either properly submit a Waiver form to me and I return it to you executed or you complete official capacity service. Again, if you have legal arguments supported by

**Sanctions M Appx 014**

authority for why I am mistaken I am open to hearing them and giving them due consideration but I see no such arguments supported by authority in your below e-mail as it pertains to the timing of a response. As a result, as things stand, my understanding and position remains the same as it was expressed in the attached letter;

3. You say you "have researched the claims [I] made and respectfully disagree." It is not clear to me which claims you researched and the basis for your disagreement. As I believe the foregoing made clear, to the extent you have arguments supported by legal authority that you believe show that anything I am doing is incorrect, I am open to considering the arguments and authority you provide.

As I said in my letter, I would prefer not to have to proceed with a Rule 11 motion but may be compelled to if you insist on pursuing this improper action. I understand that you are upset by your disbarment. The pending writ of error will allow you to obtain review (though, to be clear, I believe the trial court's decision was correct and I plan to defend it).

Respectfully,
Rob

---

**From:** NICKOLA CUNHA <nickolacunha@sbcglobal.net>
**Sent:** Thursday, February 23, 2023 2:04 PM
**To:** Deichert, Robert <Robert.Deichert@ct.gov>
**Subject:** Re: Service

> EXTERNAL EMAIL: This email originated from outside of the organization. Do not click any links or open any attachments unless you trust the sender and know the content is safe.

Good afternoon

I am responding to the threat you sent me on January 27, 2023 with respect to the Federal Lawsuit I am pursuing against Judge Moukawsher.  As I am sure you are very well aware, your threat to seek sanctions against me unless I withdraw my action, which you refer to as frivolous is a direct violation of Rules 3.2, 3.4, 4.3, 4.4.

I have researched the claims you made and respectfully disagree.  The thirty days for you to waive service on behalf of J. Moukawsher or decline to waive have expired. Please avoid unnecessary pleadings and file the position you will maintain with the

court so that the matter may proceed.

Sincerely,

Nickola J. Cunha

NOTICE OF PRIVILEGE COMMUNICATIONS

The content of this email and its attachments if applicable may contain information that is protected pursuant to a privilege.  As such the release of this email and any attachments is not a waiver of any privilege and does not authorize the disclosure of any privileged information contained therein.  Should you receive this email and any attachments in error, I ask that you immediately contact me to inform me of the error and destroy any and all information received.  Unauthorized use of information received pursuant electronic communication will be pursued in accordance with all applicable State and/or Federal Statutes and/or Rules of Court.

On Friday, January 27, 2023 at 08:23:50 PM EST, Deichert, Robert <robert.deichert@ct.gov> wrote:

Good evening,

Please see the attached for service. A hard copy will follow in the mail.

Best,



**ROBERT DEICHERT**
**Assistant Attorney General**

Office of the Attorney General
165 Capitol Ave, Hartford, CT 06106
Office: +1 860-808-5020 | Fax: +1 860-808-5347 | URL: https://ct.gov/ag/

Confidential Information: The information contained in this e-mail is confidential and protected from general disclosure. If the recipient or the reader of this e-mail is not the intended recipient, or person responsible to receive this e-mail, you are requested to delete this e-mail immediately and do not disseminate or distribute or copy. If you have received this e-mail by mistake, please notify us immediately by replying to the message so that we can take appropriate action immediately and see to it that this mistake is rectified.

| | |
|---|---|
| **From:** | Deichert, Robert |
| **To:** | NICKOLA CUNHA |
| **Subject:** | RE: Cunha v. Moukawsher |
| **Date:** | Tuesday, March 21, 2023 5:15:00 PM |
| **Attachments:** | Cunha v. Moukawsher--Safe Harbor Letter (FOR EMAILING AND PAPER MAILING 1-27-23).PDF |

Good afternoon Ms. Cunha,

Thank you for the e-mail. As I understand it, you are now arguing that your January 9, 2023 e-mails to myself and Evan Knowlton complied with Federal Rule of Civil Procedure 4(d) because Rule 4(d)(1)(G) (you refer to "Rule 4 (d) (G)" but I assume you just missed the (1)) provides that a request must "be sent by first class mail or other reliable means" and you believe "email service qualifies as service by other competent means." You cite no caselaw to support your argument.

I respectfully remain of the view that "your e-mailing of the Waiver form you sent was insufficient for multiple reasons." (*Safe Harbor Letter*, p. 1 (Attached)). One—but only one—of those reasons is that the Waiver of the Service of Summons form was transmitted by e-mail rather than via paper mail. I believe the correct reading of Rule 4(d)(1)(G)'s "first class mail or other reliable means" language, is that the "other reliable means" are means that comply with the other parts of the Rule. *See, e.g., Phoenix Entertainment Partners, LLC v. Sing Sing Bell Inc.*, 2016 U.S. Dist. LEXIS 6156, at *3 (S.D.N.Y. Jan. 19, 2016) (rejecting an argument that Fed Ex was not an "other reliable means" for purposes of the Rule). A request for waiver of service "must" be accompanied by "two copies of the waiver form appended to this Rule 4, and a prepaid means for returning the form." Fed. R. Civ. P. 4(d)(1)(C). Consistent with the Rule's text, the Waiver form itself represents that it must be accompanied by "two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you." Therefore, it appears clear that Rule 4(d)(1)(G)'s "other reliable means" language is intended to refer to means that involve the required provision of copies and prepaid postage. It may be possible to accomplish those things by e-mail (though I am not sure if and how). In any event, your e-mails did not comply with those requirements. *See, e.g., Gaby's Bags, LLC v. Mercari, Inc.*, 2020 U.S. Dist. LEXIS 242884, at *12 (N.D. Cal. Dec.

25, 2020) (concluding that "the requests for waiver of formal process were not sent by first-class or other reliable means within the meaning of Rule 4(d)(1)(G)" where they were "sent by email, not first-class mail").

Nor did your January 9th emails to Mr. Knowlton and myself comply with Rule 4(d)(1)(A)(i)'s requirement that a waiver request be addressed to the individual defendant. At that time, neither Mr. Knowlton nor myself were authorized to accept service on behalf of Defendant. Therefore, even if e-mail delivery of a Waiver form could theoretically be sufficient (I do not believe it could for the reasons discussed above), the e-mails you sent were not. *See, e.g.*, *Smith v. Bradley Pizza Inc.*, 2018 U.S. Dist. LEXIS 230596, at \*3-7 (D. Minn. Jan. 24, 2018) (holding that service of a Waiver form on an attorney who was not authorized to accept service on behalf of the defendant did not comply with the Rule). As I informed you in the attached January 27, 2023 letter, I (and only I) am now authorized to accept individual capacity service on Defendant's behalf in this matter and I anticipate agreeing to waive individual capacity service if and when you properly send me a valid Waiver form in compliance with all of Rule 4(d)'s requirements. I believe my position is correct and provides more than good cause to require you to comply with the Rule as I understand it based on its text and my research. If you continue to believe that my position is incorrect, it is incumbent on you to support your contrary argument with authority. *See, e.g.*, *Dunn v. Hatch*, 2015 U.S. Dist. LEXIS 114761, at \*7 (W.D. Wash. Aug. 27, 2015) (declining to award service costs where *inter alia* the party seeking the award failed to support his position with authority).

I will reiterate that—as I informed you in my attached letter—Rule 4(d)'s waiver provisions do not apply to your official capacity claims against Defendant. Therefore, any such claims will be subject to dismissal unless you timely and properly complete official capacity service.

As to your "position that" I am "solely delaying this matter over a frivolous claim," I respectfully disagree. I believe the arguments I set

forth above are not only far from frivolous but are, in fact, correct. As always, if you have authority that says I am incorrect I am open to reviewing and considering it. As to your statement that this is your "last attempt to resolve the service issue absent seeking court involvement," I am puzzled as to why court involvement would be necessary for you to properly serve a Complaint and/or mail a Waiver form. I remain of the hope that you will refrain from consuming your, the Court's, and the state's time and resources on this matter and instead focus your efforts on the proper method of seeking review of your disbarment.

Best,
Rob

---

**From:** NICKOLA CUNHA <nickolacunha@sbcglobal.net>
**Sent:** Tuesday, March 21, 2023 11:23 AM
**To:** Deichert, Robert <Robert.Deichert@ct.gov>
**Subject:** Cunha v. Moukawsher

EXTERNAL EMAIL: This email originated from outside of the organization. Do not click any links or open any attachments unless you trust the sender and know the content is safe.

Attorney Deichert

On January 9, 2023, I emailed you and J. Moukawsher through his clierk, Evan Knowlton,  the Complaint, Motion to Participate in Electronic Filing, Consent to Electronic Notice by Self Represented Litigant, and my pro se appearance.  On Tuesday, January 10, 2023 I received a confirmation email from Evan Knowlton confirming that the documents were received and proved to J. Moukawsher.  On Thursday, January 12, 2023 I received an email from you specifically stating "I have been assigned to represent Defendant in this matter".

On January 27, 2023 you sent me an email indicating that you did not deem the manner in which the "waiver of service" was sent satisfies the requirements to waive service.  As you know I respectfully disagreed and indicated the same to you in writing.

My position is simply, email service qualifies as service by other competent means pursuant to Rule 4 (d) (G).  I'm having difficulty with your argument that I must resend you the notice through the U.S. postal service mail.  There have been two acknowledgments that the notice and other above-noted documents were received.  It is my position that you are solely delaying this matter over a frivolous claim.  The purpose of Rule 4 "Waiver of Service" was to avoid unnecessary expenses and delays in federal lawsuits.

This is my last attempt to resolve the service issue absent seeking court involvement.

Sincerely

Nickola J. Cunha

NOTICE OF PRIVILEGE COMMUNICATIONS

The content of this email and its attachments if applicable may contain information that is protected pursuant to a privilege.  As such the release of this email and any attachments is not a waiver of any privilege and does not authorize the disclosure of any privileged information contained therein.  Should you receive this email and any attachments in error, I ask that you immediately contact me to inform me of the error and destroy any and all information received.  Unauthorized use of information received pursuant electronic communication will be pursued in accordance with all applicable State and/or Federal Statutes and/or Rules of Court.

Filed Under The Electronic Briefing Rules

## APPELLATE COURT
## OF THE
## STATE OF CONNECTICUT
_____

### A.C. 45424
_____

### CHRISTOPHER AMBROSE,
Plaintiff,


v.

### KAREN AMBROSE,
Defendant,


_____


### FAIRFIELD JUDICIAL DISTRICT
### AT REGIONAL FAMILY TRIAL DOCKET IN MIDDLETOWN
### HON. THOMAS MOUKAWSHER
_____


### BRIEF OF PLAINTIFF-IN-ERROR NICKOLA CUNHA
_____

NORMAN A. PATTIS
CHRISTOPHER T. DEMATTEO
Pattis & Smith, LLC
Juris No. 423943
383 Orange St., First Floor
New Haven, CT 06511
Tel: (203) 393-3017
Fax: (203) 393-9745
npattis@pattisandsmith.com
cdematteo@pattisandsmith.com

To Be Argued By

Norman A. Pattis OR Christopher T. DeMatteo

Page 1 of 39

**Sanctions M Appx 021**

## 6. Argument

I. **The trial court's disbarment of Nickola Cunha should be vacated because the notice and hearing violated the due process requirements of the United States and Connecticut constitutions. The notice did not adequately notify her of the misconduct for which she would be disciplined and she was denied the right to contest the allegations of misconduct because the hearing was limited to disposition.**

### A. Introduction

Attorneys have protected property interests in their law licenses. For that reason, they are afforded due process in disciplinary proceedings, which require sufficient notice of alleged misconduct and a right to contest such allegations in a hearing. In this case, the hearing and resulting discipline that it imposed went beyond the notice that was given to Plaintiff-in-Error Nickola Cunha. Additionally, since the trial court did not exercise summary discipline but scheduled a hearing, it should not have limited the hearing to disposition of the sanction. Accordingly, Ms. Cunha's disbarment should be vacated.

### B. Reviewability

The Plaintiff-in-Error, defending herself, objected on the record to the notice and process of the hearing. Additionally, the procedural defects of the hearing became more apparent in the trial court's written decision. For those reasons, this claim is reviewable in accordance with Practice Book § 60-5 and the record on appeal is adequate for such review, in accordance with Practice Book § 61-10. Moreover, due to the constitutional dimensions and issues of

**Sanctions M Appx 022**

suggests that the conduct that would be the basis for the sanctions could also be addressed.

Due process is one of the bases of our legal system. Criminal prosecutions require charging documents. Civil actions require pleadings. Both require processes to fairly reach their dispositional stages. Here, Ms. Cunha went straight to the equivalent of a sentencing without being informed that is what the hearing would be.

## 2. With the disciplinary hearing limited to whether and what sanctions should be imposed, Ms. Cunha was denied the procedural due process right of an opportunity to defend herself.

The trial court did not summarily discipline Ms. Cunha after the hearing on the motion to recuse Judge Adelman. It issued a notice of a hearing, albeit insufficient, and scheduled a hearing. At the hearing, the trial court informed Ms. Cunha that it had already determined that she had committed misconduct and the hearing was only for whether she should be sanctioned for that misconduct and what the sanction should be. She was therefore, and in violation of procedural due process, not able to defend against the findings of misconduct that led to her disbarment.

Due process requires both notice of charges and the opportunity to contest them. Indeed, the former means little without the latter. The Superior Court has the authority to, pursuant to Practice Book § 2-44, "for just cause, suspend or disbar attorneys." That authority can only be exercised summarily, that is, without complaint or hearing, if the cause occurs in the presence of the court. Practice Book § 2-45. When a court does not act summarily, it must provide notice and hold a